UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIRO ADVISORY SERVICES, LTD., a corporation incorporated under the laws of the British Virgin Islands,<br><br>Plaintiff,<br><br>v.<br><br>D.A. DAVIDSON & CO., an ENTITY OF UNKNOWN FORM, RICHARD L. WENDT TRUST, JWTR - OREGON, LLC and JWTR, LLC,<br><br>Defendants. | Case No. 14-cv-01618 NC<br><br>**ORDER TO SHOW CAUSE AND RESETTING HEARING ON MOTION TO DISMISS**<br><br>Re: Dkt. No. 1 |

Plaintiff MIRO Advisory Services, Ltd. brings this action for declaratory relief and negligent misrepresentation against defendants D.A. Davidson & Co.; Richard L. Wendt Trust; JWTR Oregon, LLC; and JWTR, LLC. Dkt. No. 1. The complaint asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 in that this is "a civil action between citizens of a State and citizens or subjects of a foreign state and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000." Dkt. No. 1 ¶ 1. D.A. Davidson & Co. filed a motion to dismiss the complaint for lack of subject matter jurisdiction on the basis that plaintiff has failed to properly allege that the amount in controversy exceeds the $75,000 threshold. Dkt. No. 27. The motion is pending and is set

Case No. 14-cv-01618 NC
ORDER TO SHOW CAUSE

for hearing on August 6, 2014. The Court now issues this order because, aside from the amount in controversy issue, the complaint does not contain sufficient allegations to establish the citizenship of all defendants for diversity purposes.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The diversity statute provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Unlike a corporation, a partnership and an LLC are treated for purposes of diversity as citizens of every state of which their owners/members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Moreover, if any member of a partnership or an LLC is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each "sub-member" as well. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

The complaint here alleges that D.A. Davidson & Co. is "an entity of unknown form with a principal place of business in Montana, and with offices throughout California, and transacting business in this judicial district." Dkt. No. 1 ¶ 5. The complaint alleges that Richard L. Wendt Trust "is a trust existing under and administered under the laws of the State of Oregon, with offices and operations in Klamath Falls, Oregon." *Id.* ¶ 6. The complaint further alleges that defendants JWTR Oregon, LLC and JWTR, LLC are limited

liability companies organized and existing under the laws of the State of Oregon, each with a principal place of business in Klamath Falls, Oregon" and that "both are beneficially owned by the Trust." *Id.* ¶ 7.

The complaint fails to allege the citizenship of the members, and any sub-members, of the defendants limited liability companies. Furthermore, the allegations in the complaint do not appear sufficient to establish the citizenship of the defendant trust. *See Johnson*, 437 F.3d at 899 ("A trust has the citizenship of its trustee or trustees." (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980))); *but see Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 205 (3d Cir. 2007) (holding that "the citizenship of both the trustee and the beneficiary should control in determining the citizenship of a trust").

Because the complaint does not contain sufficient allegations to establish that there is complete diversity of citizenship between plaintiff and all defendants, by July 8, 2014, plaintiff must show cause in writing why this action should not be dismissed for lack of federal subject matter jurisdiction. If plaintiff is unable to allege the citizenship of all defendants without conducting discovery on this issue, plaintiff should so indicate in its response to the order to show cause.

The hearing on the motion to dismiss filed by JWTR Oregon, LLC and JWTR, LLC, Dkt. No. 8, is continued from July 2 to August 6, 2014, at 1:00 p.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

IT IS SO ORDERED.

Date: June 24, 2014

Nathanael M. Cousins
United States Magistrate Judge